# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
SIGNATURE BANK, as assignee of COASTAL                    Index No.:
ENVIRONMENTAL GROUP, INC.,                                Date Purchased:

                                    Petitioner,

              – against –                                 **VERIFIED PETITION**
                                                          **TO CONFIRM**
ENVIRONMENTAL CHEMICAL CORPORATION,                       **ARBITRATION AWARD**

                                    Respondent.
-------------------------------------------------------------------X

Petitioner Signature Bank ("Signature"), as assignee of Coastal Environmental Group,

Inc. ("Coastal") (sometimes referred to as "Petitioner"), through its attorneys, Westerman Ball

Ederer Miller Zucker & Sharfstein, LLP and Westerman Sheehy Keenan Samaan & Aydelott,

LLP, states the following as and for its Verified Petition herein.

## PRELIMINARY STATEMENT

1.      This proceeding is brought pursuant to CPLR 7510 seeking to confirm the

arbitration award issued by the American Arbitration Association ("AAA") Arbitrator Sayward

Mazur, Esq on March 1, 2018 (the "Final Award") in the arbitration entitled *Coastal

Environmental Group, Inc. v. Environmental Chemical Corporation*, AAA Arbitration No. 02-

14-0001-8513 (the "Arbitration") between Coastal and Environmental Chemical Corporation

("Respondent" or "ECC").  A true and correct copy of the Final Award is attached as Exhibit

"A".

2.      On January 9, 2018, Arbitrator Sayward Mazur issued a Final Partial Award

("Partial Award") in the Arbitration, awarding Coastal $2,083,588.88, inclusive of pre-award

interest through February 11, 2018 for its breach of contract claims.  A copy of the Partial Award

is attached as Exhibit "B".

3.    In the Partial Award, the Arbitrator also determined and declared Coastal the prevailing party under the relevant terms of a Continuing Services Agreement, executed by Coastal on March 15, 2013 and ECC on March 17, 2013 (the "CSA"). A true and correct copy of the CSA is attached as Exhibit "C".

4.    The Partial Award was incorporated and re-confirmed in all respects in the Final Award, which was issued on March 1, 2018.

## THE PARTIES

5.    Petitioner Signature is a bank licensed under the laws of the State of New York and has a principal place of business in New York, New York.

6.    Upon information and belief, Coastal was at all relevant times a corporation conducting business in the State of New York with its principal place of business in Edgewood, New York.

7.    Upon information and belief, respondent ECC is a California corporation that, at all relevant times, has its principal place of business in Burlingame, California.

8.    Coastal entered into an agreement with its commercial lender, Signature, related to certain indebtedness. That agreement was memorialized in a Claim Prosecution Agreement, dated December 17, 2015, a copy of which is attached as Exhibit "D" (the "Claim Prosecution Agreement").

9.    Pursuant to the Claim Prosecution Agreement, Signature agreed to support and collaborate in the prosecution of Coastal's claim against ECC on the Project (including for fees and disbursements) the proceeds of which had previously been assigned to Signature pursuant to an Assignment, dated May 5, 2015, a copy of which is attached as Exhibit "E". As a result,

2

Signature stands in the shoes of Coastal in connection with its entitlement to collect the proceeds
of the Final Award.

10.    Coastal and Signature also agreed in the Claim Prosecution Agreement that the
proceeds of any award in favor of Coastal against ECC would be made payable to Signature and
delivered to attorney David Westermann of the law firm Westermann Sheehy Keenan Samaan &
Aydelott, LLP. *See* CSA (Exhibit C).

## FACTUAL BACKGROUND

11.    In or about March 2013, Coastal, as subcontractor, and ECC, as contractor,
entered into the CSA. *See* CSA (Exhibit C).

12.    The CSA provided, generally, that Coastal, a certified small business and locally
based would perform demolition, collection and removal of Hurricane Sandy generated debris on
Fire Island, New York (the "Project"). *See* CSA at ¶ 1.2.

13.    Article 12.4, the Arbitration provision of the CSA, provides, in full, that:

a)    All claims, disputes arising out of, or relating to, this Agreement or the Work
shall be decided by arbitration in accordance with the Construction Industry
Arbitration Rules of the American Arbitration Association then in effect unless
the Parties mutually agree otherwise in writing. This Agreement to arbitrate shall
be specifically enforceable under the prevailing arbitration law.

b)    All disputes shall be heard and decided by one arbitrator unless either party makes
claims which exceed $5,000,000.00 in which event each party hereto shall select
one arbitrator and the two so selected shall then select a third arbitrator, unless the
parties mutually agree otherwise in writing.

c)    Each Party hereto accepts jurisdiction of the courts of the State of ~~California~~[1]
New York for the purposes of commencing, conducting, and enforcing such
arbitration proceedings. The decision of the arbitrator shall be final and binding
upon both parties, who hereby agree to comply herewith.

d)    The Parties agree to use good faith efforts to limit discover and to have dispute
resolution within in 365 [sic] calendar days of the claim being filed. Steps to meet

---

[1] California appears as crossed out in the CSA.

3

that goal (expedited hearings, limited discovery, etc) shall be mutually agreed upon by the Parties and executed in good faith.

e) Where the Arbitrator(s) decides that ECC has properly fulfilled the Agreement, or where ECC has offered settlement, before the arbitration decision was rendered, that meets or exceeds the arbitrator(s) award and which Subcontractor refused to accept, Subcontractor shall pay all costs and fees, including attorney and arbitration fees, incurred or necessitated by the arbitration proceedings.

14.    Article 12.5 of the CSA further provides that "[t]he location of the arbitration proceeding shall be Suffolk County, New York."

15.    Article 12.6, the Award provision of the CSA, provides, in full, that "[t]he award rendered by the arbitrator(s) shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction."

16.    Article 13.7 of the CSA provides, that "[i]n the event suit or action is instituted to enforce any right granted herein, the prevailing party shall be entitled to, in addition to the statutory costs and disbursements, a reasonable attorney's fee to be fixed by the trial court…"

17.    Upon information and belief, Coastal performed the work on the Project pursuant to the terms of CSA.

18.    Upon information and belief, as a result of ECC's actions, inaction and changes in the scope of work, Coastal was faced with delays and increased costs in connection with the Project.

19.    Upon information and belief, following completion of the Project, a dispute arose between Coastal and ECC when ECC failed to compensate Coastal for its increased Project costs and/or pay the remaining balance under the CSA.

4

## THE ARBITRATION

20.    On or about June 6, 2016, Coastal commenced arbitration against ECC by filing a

Demand for Arbitration with the AAA under the Construction Arbitration Rules. A true and

correct copy of the Demand for Arbitration is attached as Exhibit "F".

21.    The Demand for Arbitration sought "payment of Balance due under its

Subcontract with Respondent and compensation based on a Request for Equitable Adjustment"

in the dollar amount of $2,329,718.97. *Id*.

22.    On or about June 29, 2016, ECC served an Answering Statement ("Answer"). A

true and correct copy of the Answer is attached as Exhibit "G".

23.    Pursuant to the terms of the CSA and the Rules of the AAA, the parties selected

Mr. Sayward Mazur to be the sole arbitrator. Mr. Mazur is partner in the New York City firm of

Shiff Hardin LLP and is considered among the finest construction lawyers in the country.

24.    Subsequently, the parties engaged in substantial written discovery.

25.    Prior to the arbitration hearings, the parties submitted pre-hearing statements.

26.    Arbitrator Mazur held hearings in the Arbitration on July 6, 7, 24, August 8 and

September 26, 2017.

27.    During the arbitration and hearings, Coastal was represented by David

Westerman, Jr., Esq. and Daniel L. Adams, Esq. of Westermann Sheehy Keenan Samaan &

Aydelott, LLP of Uniondale, New York. ECC was represented by Patrick J. Green, Jr., Esq. and

Alexander S. Saunders, Esq. of Peckar & Abramson, P.C. of River Edge, New Jersey.

28.    During the hearings, the parties were afforded the opportunity to, and in fact did,

present witness testimony and documentary evidence in support of their respective positions.

Arbitrator Mazur also heard extensive arguments and reviewed the parties' post-hearing

5

statements following the presentation of the evidence.    No party made any objection as to the conduct of the hearing, and both parties consented to the closing of the record at Arbitrator Mazur's request.

29.    After having heard the testimony and reviewed the documentary evidence and the parties' briefs and arguments, Arbitrator Mazur issued the Partial Award on January 9, 2018.

30.    The Partial Award resolved all of the substantive factual and legal disputes between the parties. Among other things, the Partial Award found that ECC owed a balance to Coastal under the CSA. Partial Award at p. 13.

31.    The Partial Award also directed the parties to consult and stipulate if agreement could be reached regarding attorneys' fees to the prevailing party, Coastal.    Partial Award at p. 13.

32.    Coastal and ECC could not reach an agreement on the attorneys' fees and submitted written briefs on the issue.

33.    A post-hearing telephone conference concerning attorneys' fees was held on February 22, 2018 before Arbitrator Mazur. All parties were represented by counsel during the conference.

34.    After considering the parties' submissions and arguments concerning attorneys' fees, Arbitrator Mazur issued a Final Award on March 1, 2018 confirming the Partial Award but denying any arbitral attorney's fees to Coastal. Final Award at pp. 1, 3.

35.    AAA delivered the Final Award to all parties on March 1, 2018.

36.    By incorporation of the Partial Award, the Final Award ordered ECC to pay Coastal $2,083,588.88 inclusive of pre-award interest through January 11, 2018, and provided

6

that the interest would continue to accrue through March 1, 2018, the date of the Final Award. Partial Award at p. 13.

37.     The parties agreed to be bound by the Final Award. CSA (Exhibit "A") at ¶ 12.6 ("The decision of the arbitrator shall be final and binding upon both parties, who hereby agree to comply herewith.").

38.     The parties also agreed that the Final Award may be entered in any court having jurisdiction. CSA (Exhibit "A") at ¶ 12.6 (". . . judgment may be entered upon it in accordance with applicable law in any court having jurisdiction.").

39.     The Final Award, which is now final and binding, provides that ECC owes Coastal $2,083,588.88, inclusive of a pre-award interest through January 11, 2018, in addition to accrued interest from January 12, 2018 through March 1, 2018 at the pre-judgment rate of 9% provided under New York law[2].

40.     Thus, Coastal is entitled to judgment against ECC in the amount of $2,083,588.88 plus interest pursuant to CPLR 5001 and CPLR 5002 from January 12, 2018 (the date when the Partial Award was signed and affirmed by the Arbitrator) until the date of Judgment.

## FIRST CAUSE OF ACTION

(Confirmation of Arbitration Award Pursuant to CPLR 7510)

41.     Petitioner repeats and realleges each of the foregoing allegations as if fully stated herein.

42.     The Final Award is dated March 1, 2018. This application has been made within one year of delivery of the Award to the parties.

43.     The Award has not been vacated or modified pursuant to CPLR 7511.

---

[2] The principal of the award is $1,591,583.10. See Partial Award at p. 13.

7

44.     Specifically, no basis exists to vacate the Final Award on any ground specified in CPLR 7511(b).

    a.  No party's rights were prejudiced in the arbitration proceeding by corruption, fraud or misconduct, and no party asserted such a claim at the hearing.

    b.  The Arbitrator acted within his power in issuing the Award.

    c.  The Arbitrator was impartial and no party has ever questioned the impartiality.

    d.  All applicable procedures were followed. Among other things, all parties were served with a Demand for Arbitration and actually participated in the arbitration through counsel. No party has ever raised any procedural objections to any aspect of the arbitration.

45.     Accordingly, the Court should confirm the Award in its entirety pursuant to CPLR 7510 because this application is made within one year of the delivery of the Award and there are no grounds to vacate or modify the Award under CPLR 7511 and enter judgment thereon pursuant to CPLR 7514. *See, e.g., Bernstein Family Ltd. Partnership v. Sovereign Partners, L.P.*, 66 A.D.3d 1, 5, 883 N.Y.S.2d 201 (1st Dep't 2009) (finding that courts are "directed unequivocally by CPLR 7510 to confirm an arbitration award if a timely application is made whenever the award is not vacated or modified under CPLR 7511").

46.     In addition, the Court should direct that Judgment be entered on the Final Award against ECC in the amount of $2,083,588.88 plus pre-judgment and post judgment interest, from January 12, 2018 pursuant to CPLR 5001, 5002 and 5003.

47.     No previous application has been made for the relief requested.

8

**WHEREFORE,** Signature requests that this Court:

a.  Enter an Order pursuant to CPLR 7510 confirming the Final Award dated March 1, 2018, together with the Partial Award incorporated by reference into such Final Award.

b.  Enter a judgment thereon pursuant to CPLR 7514 in the amount of $2,083.588.88, together with:

    i.  Pre-judgment interest pursuant to the Final Award and CPLR 5001 and 5002 from January 12, 2018 at the statutory rate;

    ii.  Post-judgment interest pursuant to CPLR 5003 at the statutory rate; and

    iii.  Petitioner's costs and disbursements in this proceeding; and

c.  Award Petitioner such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
       March 6, 2018

                     Respectfully submitted,

                     WESTERMAN BALL EDERER
                     MILLER ZUCKER & SHARFSTEIN, LLP

    By:                           
                     Philip J. Campisi, Jr., Esq.
                     Goldy Gluzman, Esq.
                     1201 RXR Plaza
                     Uniondale, New York 11556
                     (516) 622-9200
                     *Attorneys for Petitioner*

                     David Westermann, Jr., Esq.
                     Atanasio Fernandez Sanchez, Esq.
                     (awaiting admission)
                     WESTERMANN SHEEHY KEENAN
                     SAMAAN & AYDELOTT, LLP
                     The Omni Building
                     333 Earle Ovington Blvd., Suite 702
                     Uniondale, New York 11553

9

516-794-7500
*Attorneys for Petitioner*

1754798

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NASSAU           )

ROBERT G. LEVIN, being duly sworn, deposes and says:

I am a Vice President and authorized signator for Petitioner Signature Bank, as assignee of Coastal Environmental Group, Inc., in this case. I have read the foregoing Verified Petition and know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
ROBERT G. LEVIN

Subscribed to and sworn to before me
this 6th day of March, 2018

_____
Notary Public

1754798

PHYLLIS HALPERN
NOTARY PUBLIC, State of New York
No. 4847763
Qualified in Nassau County
Commission Expires March 30, 2019